IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-486-D

| | |
|---|---|
| KELLY JENKINS BASTMAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SAMUEL TRIPP HASSELL, ) | |
| ) | |
| Appellee. ) | |

On October 12, 2018, Kelly Jenkins Bastman ("Bastman" or "appellant") filed a notice of appeal from the United States Bankruptcy Court for the Eastern District of North Carolina [D.E. 1]. On December 10, 2018, Bastman filed a copy of the bankruptcy record [D.E. 9, 10]. On January 9, 2019, Bastman filed a brief in support [D.E. 13]. On February 8, 2019, Samuel Tripp Hassell ("Hassell" or "appellee") responded in opposition [D.E. 14]. On February 22, 2019, Bastman replied [D.E. 15]. As explained below, the court dismisses the appeal.

I.

On January 6, 2013, Bastman filed a complaint in the United States District Court for the Eastern District of North Carolina against Hassell, Marketel Media, Inc. ("Marketel"), and Intelimarc, Inc. ("Intelimarc"). See [D.E. 9-1] ¶ 7. Bastman alleged claims for breach of fiduciary duty, breach of the duty of good faith and fair dealing, and constructive fraud. See id. ¶ 9. On August 19, 2015, the parties settled. See id. ¶ 10. On March 24, 2016, this court entered a consent judgment that obligated Hassell to pay $502,490.00 to Bastman. See id.; Ex. A [D.E. 9-1] 8–9.

In the consent judgment, the court found that Hassell "violated and breached his fiduciary duty of care owed to" Bastman "by, among other things, changing the compensation system in

Marketel Media . . . and diverting Marketel Media, Inc., corporate opportunities to other corporations he owned, resulting in damages to" Bastman in the amount of $500,000. [D.E. 9-1] ¶ 11; see Ex. A [D.E. 9-1] 12. The court also found that the $500,000 obligation was "for defalcation and misappropriation of assets of Marketel Media, Inc., by Samuel T. Hassell as a fiduciary within the meaning of 11 U.S.C. § 523(a)(4)." Ex. A [D.E. 9-1] 12; see [D.E. 9-1] ¶ 12. The parties also agreed that "the obligation created . . . shall not be discharged in any future bankruptcy proceeding, and that the provisions allowing the discharge of the debt, including, but not limited to 11 U.S.C. Section 523, 727, 1141, 1228, and 1328, shall not be applicable." Ex. A [D.E. 9-1] 12; see [D.E. 9-1] ¶ 13.

On June 7, 2016, Hassell filed for bankruptcy. See [D.E. 9-1] ¶ 18; [D.E. 1] 8. On September 12, 2016, Bastman filed a complaint in the bankruptcy court because Hassell had not paid the amount required by the consent judgment. See [D.E. 9-1]. Bastman sought a determination that the $510,750.11 owed to Bastman as of June 7, 2016, was not dischargeable in bankruptcy under the consent judgment and 11 U.S.C. § 523(a)(4). See id. ¶¶ 20–24. Bastman also argued that the debt was nondischargeable based on 11 U.S.C. § 523(a)(6) and promissory estoppel. See id. ¶¶ 25–37.[1] On November 10, 2016, Hassell answered Bastman's complaint and asked the court to deny relief to Bastman. See [D.E. 9-4].

On February 3, 2017, Bastman moved for judgment on the pleadings or, alternatively, for summary judgment [D.E. 9-5]. On February 17, 2017, Hassell moved for judgment on the pleadings or, alternatively, for summary judgment [D.E. 9-8]. On May 17, 2017, the bankruptcy court held a hearing [D.E. 10]. On July 5, 2017, the bankruptcy court denied both motions due to genuine issues

---

[1] Bastman does not raise these issues on appeal.

2

of material fact [D.E. 9-11] and thereafter scheduled a bench trial for September 2018.

On September 28, 2018, after the close of Bastman's case-in-chief at trial, Hassell moved for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c) [D.E. 9-12]. On December 10, 2018, the bankruptcy court granted the motion. See id. First, the bankruptcy court held that the consent judgment did not have issue-preclusive effect concerning whether Hassell was a fiduciary within the meaning of section 523(a)(4). See id. at 4–9. Second, the bankruptcy court held that Hassell was not a fiduciary under section 523(a)(4). See id. at 9–17. Third, the bankruptcy court held that Bastman did not prove the "willful and malicious injury" requirement under section 523(a)(6). See id. at 17–21. Accordingly, the bankruptcy court held that Hassell's obligation to pay Bastman $510,750.11 was dischargeable in bankruptcy and entered judgment in favor of Hassell. See id. at 21.

II.

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from the "final judgments, orders, and decrees" of bankruptcy courts. In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand Partners, 242 F.3d 6, 13 (1st Cir. 2001); see McDow v. Dudley, 662 F.3d 284, 287 (4th Cir. 2011) (collecting cases). No uniform rule, however, has been developed to determine when an order or judgment is final. See Brandt, 242 F.3d at 13. An order that "ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341, 343 (5th Cir. 2006) (per curiam) (unpublished) (alteration omitted); see In re Comput. Learning Ctrs., Inc., 407 F.3d 656, 660 (4th Cir. 2005).

A district court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error. See In re Official Comm. of Unsecured Creditors for Dornier Aviation (N.

3

Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); In re Plumlee, 236 B.R. 606, 609 (E.D. Va. 1999). "[I]n reviewing a bankruptcy case on appeal, a district court can consider only that evidence which was presented before the bankruptcy court and made a part of the record." In re Bartlett, 92 B.R. 142, 143 (E.D.N.C. 1988); see Union Bank v. Blum, 460 F.2d 197, 202 (9th Cir. 1972); In re Moss, 266 B.R. 697, 702 (B.A.P. 8th Cir. 2001).

In her notice of appeal, Bastman states that she appeals from (1) the bankruptcy court's order denying Bastman's motion for judgment on the pleadings or for summary judgment and (2) the bankruptcy court's order granting Hassell's motion for judgment on partial findings. See [D.E. 1] 2. Hassell argues that the court should dismiss the appeal of both orders. See [D.E. 14] 7–8.

As for Bastman's appeal of the bankruptcy court's order denying her motion for judgment on the pleadings or for summary judgment, the "denial of a motion for summary judgment is not subject to appeal after a full trial and final judgment on the merits of a given claim." Ihnken v. Jenkins, 677 F. App'x 840, 843 (4th Cir. 2017) (per curiam) (unpublished); see Varghese v. Honeywell Int'l, Inc., 424 F.3d 411, 420–21 (4th Cir. 2005); Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp., 51 F.3d 1229, 1237 (4th Cir. 1995). Review of a pretrial denial of summary judgment after a trial is "inappropriate because the denial was based on an undeveloped, incomplete record, which was superseded by evidence adduced at trial." Chesapeake Paper Prods. Co., 51 F.3d at 1236. Moreover, in denying a motion for summary judgment, a trial court decides only that the case should proceed to trial. See id. In denying Bastman's motion for summary judgment, the bankruptcy court "determined that genuine issues of material fact exist[ed.]" [D.E. 9-11] 1. Thus, the bankruptcy court applied the proper standard in denying Bastman's motion for summary judgment. Accordingly, because Bastman appeals a pretrial denial of summary judgment, the court dismisses her appeal of the bankruptcy court's order of July 5, 2017.

4

In opposition to this conclusion, Bastman argues that denials of pretrial motions for summary judgment are appealable if the denial rested on a purely legal question, such as issue preclusion. See [D.E. 15] 6–7. Binding Fourth Circuit precedent defeats this argument. See Varghese, 424 F.3d at 421; Chesapeake Paper Prods. Co., 51 F.3d at 1235–37. Moreover, White Consolidated Industries, Inc. v. McGill Manufacturing Company, 165 F.3d 1185 (8th Cir. 1999), does not alter this conclusion. See [D.E. 15] 6–7. Although the Varghese majority did not expressly address White Consolidated Industries, Inc., it applied a broader rule inconsistent with the Eighth Circuit's approach in White Consolidated. See Varghese, 424 F.3d at 424–26 (Motz, J., concurring in part and dissenting in part) (criticizing the Varghese majority for applying the rule expansively to preclude appellate review of a pretrial denial of summary judgment even when the motion was based on a defense presenting a pure question of law). Furthermore, and in any event, the bankruptcy court denied Bastman's motion for summary judgment because it found that genuine issues of material fact precluded summary judgment. See [D.E. 9-11] 1. Thus, the bankruptcy court did not solely analyze a defense based on a pure question of law, and White Consolidated Industries, Inc. does not help Bastman.

As for Bastman's appeal of the bankruptcy court's order granting judgment on partial findings under Rule 52(c), Hassell argues that Bastman abandoned the issue. See [D.E. 14] 8–10. Although Bastman's notice of appeal states that she appeals the bankruptcy court's order granting judgment on partial findings, see [D.E. 1] 2, Bastman's opening brief does not address the order. See [D.E. 13]. Thus, Bastman has abandoned this issue. See, e.g., Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Tucker v. Waddell, 83 F.3d 688, 690 n.1 (4th Cir. 1996); In re Dunlap, No. 3:16-CV-37-RJC, 2017 WL 374915, at *3 (W.D.N.C. Jan. 25, 2017) (unpublished), aff'd, 697 F. App'x 176 (4th Cir. 2017) (per curiam) (unpublished); Lyerly v. Internal

Revenue Serv., 235 B.R. 401, 404 (W.D.N.C. 1998). In her reply brief, Bastman requests generally that "the Judgment be reversed" but does not clearly respond to Hassell's argument that Bastman has abandoned her appeal of the order granting judgment on partial findings. [D.E. 15] 8. Accordingly, because Bastman has abandoned her appeal of the bankruptcy court's order granting judgment on partial findings in favor of Hassell, the court dismisses the appeal.

III.

In sum, the court DISMISSES the appeal [D.E. 1]. The clerk shall close the case.

SO ORDERED. This 15 day of May 2019.

JAMES C. DEVER III
United States District Judge